UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLA MARIE McGARY,

    Plaintiff,

v.                                    CASE No. 8:08-CV-1525-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was thirty-six years old at the time of the administrative hearing and who has an eighth grade education (Tr. 435, 436),

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 22).

has worked to some extent as a custodian, food service worker, dietary aide, and home health aide (Tr. 140). She filed a claim for supplemental security income payments, alleging that she became disabled due to diabetes, high blood pressure, and a pinched nerve (Tr. 102, 119). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of a back disorder and an affective disorder (Tr. 14). He concluded that, due to these impairments, the plaintiff had the functional capacity "to lift/carry 20 pounds occasionally; to stand and walk for about 6 hours in an 8-hour workday; to sit for about 6 hours in an 8-hour workday; and to perform simple, routine tasks" (id.). The law judge decided, based upon the plaintiff's residual functional capacity, her age, and her education, that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the

determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff challenges the law judge's decision on two grounds. One of those contentions warrants reversal. Thus, the plaintiff meritoriously argues that the law judge erred in relying upon the grids, rather than obtaining testimony from a vocational expert, in determining that there

were jobs in the national economy that the plaintiff could perform (Doc. 26, pp. 6-7).

The law judge found that the plaintiff had a severe impairment of an affective disorder that resulted in, among other things, "moderate difficulties in maintaining concentration, persistence, or pace" (Tr. 14). In connection with the determination of the plaintiff's residual functional capacity, the law judge concluded that she is limited to performing light work that involves "simple, routine tasks" (id.).

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). The law judge concluded that, despite the plaintiff's limitation to simple and routine tasks, she could perform a full range of light work (Tr. 20). He therefore applied the grids to determine that the plaintiff was not disabled (id.).

The use of the grids was error. As indicated, the law judge found that the plaintiff has a severe impairment of an affective disorder (Tr. 14). This means that the plaintiff's affective disorder significantly limits her

-6-

mental ability to do basic work activities. 20 C.F.R. 416.921(a). It means further that, under the principle established in Francis v. Heckler, supra, 749 F.2d at 1566, "[e]xclusive reliance on the grids is not appropriate."

This conclusion is confirmed by decisions of the Eleventh Circuit. In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had nonexertional limitations regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the

claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do unlimited types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

Here, the law judge found that the plaintiff had a severe impairment of an affective disorder; that she had moderate difficulties in maintaining concentration, persistence, or pace; and that she was restricted to simple, routine tasks. Under these circumstances, the plaintiff did not have the ability to do a full range of light work. Accordingly, the law judge

could not rely upon the grids, but was required to employ a vocational expert.

It is recognized that the law judge said that the plaintiff had the residual functional capacity for a full range of light work (Tr. 20). That statement, however, is contradicted by the findings that the plaintiff had a severe mental impairment; had a moderate limitation of concentration, persistence, or pace; and was restricted to simple, routine work. In light of those findings, the law judge could not reasonably say that the plaintiff could perform a full range of light work.

In all events, the law judge could not take the position that the plaintiff could perform the full range of light work, despite the seemingly contradictory findings, without at the very least providing a cogent explanation for that position. See Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995)(specific finding necessary as to whether nonexertional limitations are severe enough to preclude a wide range of work at the exertional level); Maffia v. Commissioner of Social Security, 291 Fed. Appx. 261, 264 (11th Cir. 2008)(unpub. dec.)(law judge erred in failing to make specific findings that claimant could perform full range of work). The law judge gave no such explanation.

Therefore, in view of the plaintiff's severe nonexertional impairment of an affective disorder, the law judge erred in relying upon the grids, instead of obtaining testimony from a vocational expert.[2]

The plaintiff also challenges the law judge's credibility determination regarding subjective complaints of pain and her mental limitations (Doc. 26, pp. 7-8). These contentions are not supported by citation to the evidence in the record, in violation of my scheduling Order (Doc. 19, p. 2). For this reason, the contentions are rejected.

Nevertheless, it is appropriate to point out that, although there was evidence from a licensed mental health counselor, there was no evidence from a psychiatrist or psychologist. While the plaintiff has raised no objection to the lack of a consultative examination by a psychiatrist or a psychologist, the absence of such an evaluation is problematic. See 20 C.F.R. 416.919a. Consequently, on remand, the Commissioner would be well advised not only to obtain testimony from a vocational expert, but also

---

[2]The plaintiff tags on to her challenge to the use of the grids conclusory assertions regarding complaints of pain and a limited education (Doc. 26, p. 7). In light of the scheduling Order (Doc. 19, p. 2), those undeveloped contentions are appropriately disregarded. In any event, those matters are covered by the residual functional capacity and education criteria of the grids.

to obtain evidence from an "acceptable medical source" regarding the plaintiff's mental impairment.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 11th day of January, 2010.

                                                                  */s/ Thomas G. Wilson*
                                                            THOMAS G. WILSON
                                            UNITED STATES MAGISTRATE JUDGE